**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

September 17, 2022

**TO BE FILED UNDER SEAL**

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

Re:    *U.S. v. Davila*, **1:21-cr-00606-LJL**

Judge Liman:

We write regarding our client, Joseph Davila, who is scheduled for sentencing on September 27, 2022 at 2 PM.  On May 16, 2022, pursuant to a plea agreement with the government, Mr. Davila pled guilty to being a felon in possession of ammunition, on or about January 20, 2019, in violation of U.S.C. § 922(g)(1) before Your Honor.  The United States Sentencing Guidelines ("USSG") provides for an advisory sentencing range of 70 to 87 months imprisonment, PSR ¶ 6(m), and we respectfully submit that a sentence of 70 months, to run concurrently with Mr. Davila's current term of imprisonment (5 years, 5 months remaining), would be sufficient, but not greater than necessary, to meet the purposes of sentencing and the interests of justice.

Mr. Davila comes before this Court fully accepting responsibility for his past actions.  Prior to being indicted in the present action, Mr. Davila had just begun serving a 108-month sentence after pleading guilty to charges brought by the same attorney for the government in the present action.  The relevant chronology is as follows:

• July 8, 2020 – A superseding indictment is filed against Mr. Davila, charging him federally with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) and kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and (2);

• February 18, 2021 – Mr. Davila pleads guilty to both counts of the superseding indictment and fully accepts responsibility for his actions;

• July 21, 2021 – Mr. Davila is sentenced to 108-months imprisonment;

• October 5, 2021 – Mr. Davila is indicted by federal prosecutors in the present action on three counts for conduct from 2018-2020.

In the present action, Mr. Davila has been charged with one count of engaging in a narcotics conspiracy from 2018 to 2020 in violation of 21 U.S.C. § 841(b)(1)(C) and (D), one count of possession and discharge of a firearm from 2018 through 2020 in violation of 18 U.S.C. § 924(c)(1)(A)(i), (iii), and (2), and one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  This conduct for which Mr. Davila is currently charged **predates** the indictment in the prior action.

Despite the purportedly long-standing and serious nature of the charges brought by the government against Mr. Davila in the present action, on May 6, 2022, the government provided Mr. Davila with a plea offer solely to Count 3 of the indictment – felon in possession of ammunition.  To add time on to Mr. Davila's current sentence for this offense – which the government was aware of prior to Mr. Davila's 2021 guilty plea – would be excessive, and contrary to the interests of justice and instead would reward the government's strategic efforts to pursue such charges only after obtaining a prior conviction.

A concurrent sentence of 70-months imprisonment is also appropriate as Mr. Davila can be counted on to lead a life free of crime upon release.  Mr. Davila is committed to being present for his children and putting the behaviors of his past behind him, and he has the support of his family and loved ones to help him stay on the right path.  Upon release, Mr. Davila is also committed to obtaining employment, moving out of his troubled neighborhood in the South Bronx with his wife and children, and starting a new, positive chapter of his life.

I.      **A low-end Guidelines Sentence is Warranted under the § 3553(a) Factors**

    A.      **A Sentence of 70 Months to Run Concurrently to Mr. Davila's Present Sentence Satisfies the Requirements of 18 U.S.C. § 3553(a)**

A sentence of 70 months to run concurrently with Mr. Davila's present term of imprisonment is "sufficient, but not greater than necessary" to accomplish the goals of sentencing.  *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (citing 18 U.S.C. § 3553(a)).  Such a sentence represents "just punishment" for Mr. Davila's actions, taking into account "the nature and circumstances of the offense" and Mr. Davila's "history and character," and "afford[s] adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a).

    1.      *Mr. Davila's Personal History Reflects His Struggle to Positively Cope With Challenges During his Young-Adult Life*



2. ***Mr. Davila Recognizes the Seriousness of his Conduct and is Committed to Leading a Law-Abiding Life Upon Release***

The crime of being a felon in possession of ammunition is certainly a serious offense, but Mr. Davila is committed to turning away from his past pattern of poor-decision making.  Your Honor can count on Mr. Davila to lead a law-abiding life upon release given his commitment to being a present father to his young children, the support from his family and loved ones, and Mr. Davila's plan to obtain employment, move out of the South Bronx, and start a new chapter of his life.

As noted above, ███████████████████████████████████████████
██████████  While Mr. Davila does as much as he can to parent from prison and cherishes the opportunities he is able to see them, even if briefly during court appearances, Mr. Davila recognizes that his ability to parent and be present for his children is limited behind bars.  Mr. Davila is committed to starting down a new path so he is not back in this situation again and his children can grow up with their father in their lives.

While Mr. Davila has certainly made mistakes in his life, being a father is what he does best.  As his loved ones recognized:

> The transgression should not be the only factor you look at in this case. I hope you will also consider Joseph's efforts to work and as well as strong commitment to his family; Joseph Is A Great Father ! My Children From A Previous Relationship Has Been Raised and Are Still Being Raised By Joseph.

Exhibit A, Letter from Shanelli Perez.

> Joseph Brandon Davila has thus far shown a steadfast and resolute demeanor in moving past his mistakes in a constructive manner by obtaining the title as a dedicated father providing positive and constructive verbal parenting towards his children, his wife Shanelli and his family and friends.

Exhibit B, letter from Wanda Taveras.

> Joseph is intelligent, loving and a great person to be around for his loyalty knows no bounds. As he got older, he started working on his own family. He has 4 biological children and 2 stepchildren. Joseph is a great and supportive farther. While out, he would spend a lot of time with his family going to parks, baseball games, movies and other fun places the children would like to go to. He always worked so he would assist in supporting them financially as well.

Exhibit C, letter from Jose Rodriguez.

Further, Mr. Davila's family is committed to supporting him upon his release and helping him reach his full potential. Upon release, Mr. Davila plans to obtain a commercial driver's license and pursue a career as a commercial truck driver. Mr. Davila also hopes to obtain his OSHA certifications. Mr. Davila is eager to find employment upon release and support his family just as he was doing prior to his incarceration. Specifically, prior to his incarceration, his wife, Shanelli, noted that Mr. Davila worked in sanitation and was supporting his children. Mr. Davila's mother also stated that he had always been employed and supported his family. Mr. Davila also plans to remove himself from the troubled environment in his current neighborhood and purchase a home upstate with his wife, mother and children to truly start fresh.

3.   ***A Sentence of 70 Months to Run Concurrently with Mr. Davila's Current Sentence Serves as Adequate Deterrence to Criminal Conduct***

A sentence of 70 months to run concurrently with Mr. Davila's current term of imprisonment will also achieve the goal of deterrence. Mr. Davila accepted responsibility for his actions when he pled guilty in 2021 and was ready to serve out the 108-month sentence he was given. Despite the government's decision to strategically pursue charges against Mr. Davila in a piecemeal fashion, Mr. Davila once again accepted responsibility for his actions. However, to allow the government to continue to extend Mr. Davila's sentence by charging him anew with crimes pre-dating the indictment in the earlier action does not serve the interests of justice or achieve the goal of deterrence. Such behavior actually disincentivizes a defendant from pleading guilty out of fear of what the government may do after entering into a plea that could further extend the defendant's sentence.

A closer look at the sentencing implications of the government's charging decisions highlights the procedural unfairness of this practice. When Mr. Davila was sentenced in the prior action, his criminal history category was IV. By waiting for that conviction to become final, Mr. Davila's criminal history category is now V, and so Mr. Davila now faces a heightened guidelines range for his conduct. This has a significant impact on Mr. Davila's sentencing calculation. Specifically, in contrast to Mr. Davila's current guideline range of 70-87 months, if the government charged Mr. Davila in the prior action with Count 3 of the present indictment, Mr. Davila's guidelines range on that count would have been 57-71 months. The sentencing proceedings in the prior action also reflect that the court was willing to depart downward from the guidelines range of 121 to 151 months to 108 months. The court considering Mr. Davila's conduct in the prior action also determined that the sentence on Counts 1 and 2 should run concurrently. In line with this determination, it is plausible that any sentence on the felon in possession count would have run concurrently with the kidnapping counts, or the court would have departed downward from Mr. Davila's applicable guidelines range for the felon in

possession count had the government charged Mr. Davila with that offense in the prior indictment.

Mr. Davila still has more than 5 years remaining on his current term of incarceration.  Imposing a sentence of 70 months to run concurrently with the sentence he is currently serving is sufficient to achieve the goals of sentencing.  This is still a significant amount of time away from Mr. Davila's family, particularly his young children.  Mr. Davila is still doing all he can to raise them behind bars, but these are formative years where these children need their father, his guidance, and love.  Imposing the requested, concurrent sentence of 70-months imprisonment allows Mr. Davila to make amends for his past wrong, while still affording him an opportunity to prove to himself, his children, and his loved ones, that he is a new man.

II.     **<u>Conclusion</u>**

The sentence imposed upon Joseph Davila must be one that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.  Mr. Davila has consistently displayed his willingness to accept responsibility for his actions and put his behaviors of the past behind him.  We hope that Your Honor will allow Mr. Davila the opportunity to do so by rejecting any effort by the government to continue extending his sentence based on past conduct.  We respectfully submit that the circumstances outlined herein support a sentence of 70-months imprisonment, to run concurrently with Mr. Davila's current term of imprisonment.  We implore that the Court impose such a sentence so that Mr. Davila is able to reunite with his family as soon as possible.

Thank you, Your Honor, for your time and consideration of this matter.

Respectfully submitted,

*/s/ Helen Cantwell*

Helen Cantwell (hcantwell@debevoise.com)
Melanie Burke (mburke@debevoise.com)
Jillian Tancil (jtancil@debevoise.com)

DEBEVOISE & PLIMPTON LLP

*Attorneys for Defendant*

cc:     Thomas Burnett (via ECF)
        *Attorney for Government*

# Exhibit A

Dear Honorable Judge Lewis J. Liman,

I am writing this letter in the hopes that it will help you to see what kind of person Joseph is, despite the transgressions that led us all to this point. I have known Joseph Since Middle School and in that time I have seen many aspects of Joseph's personality. I have always found him to be extremely kind, dependable, and well regarded among his peers.

The transgression should not be the only factor you look at in this case. I hope you will also consider Joseph's efforts to work and as well as strong commitment to his family; Joseph Is A Great Father ! My Children From A Previous Relationship Has Been Raised and Are Still Being Raised By Joseph.

I can tell you without a doubt that Joseph is incredibly remorseful for what he has done. He has expressed this many times, and I believe it & I Also Believe Joseph Being Home With His Family Is More Important & Productive Than Him Being Locked Away. Joseph has made some mistakes , but Joseph deserves a second chance. I hope you will be willing to give him one.


Sincerely,

Shanelli Perez

# Exhibit B

Wanda Taveras

██████████████████████

Bronx, NY ████

September 8th, 2022

Dear Honorable Judge Liman,

Joseph Brandon Davila, born ████ 1992, was the 3rd born of 4 boys. His stepfather and I, to the best of our ability, raised him to be a responsible man who obtained discipline, respect and love. This process has not always been easy as we sacrificed to provide and maintain a roof over our heads. When his stepfather and I separated and divorced, this caused major emotional distress in Joseph's life. Joseph, growing up in a close-knit family, understood the concept of love, hope, security but most importantly faith. When his aunt, uncle and grandmother passed away, he was lost emotionally and mentally during these difficult times. With the support of myself and other members of our family, Joseph went through a recovery process willingly and got better in no time. Joseph, continued a path of positivity, began working, continued being a family oriented person and a firm believer in God providing light not only to himself but in the lives of others. Joseph Brandon Davila has thus far shown a steadfast and resolute demeanor in moving past his mistakes in a constructive manner by obtaining the title as a dedicated father providing positive and constructive verbal parenting towards his children, his wife Shanelli and his family and friends. Joseph has always been a voice of reason for people who also endured similar life changing experiences. It is my hopes that this letter will act as a positive and contributing factor when the courts consider this matter providing leniency towards his sentence. Your Honor I beg for your leniency, and I hope and pray that you find it in your heart to give Joseph another chance to reunite with his family, his wife and his children sooner than later. I can assure you that we his family will be there to support him in any way possible and guide him in the right direction.


Sincerely,

Wanda Taveras

Exhibit C

Dear Honorable Judge Lewis J. Liman,

My name is Jose Rodriguez and I am writing to tell you about my Nephew Joseph Davila. As a child he was always happy and outgoing. He got along with everyone. There was something about Joseph that brought out the best in people and everyone loved to be around him. Growing up as a youth he was very caring, loving, respectful and had a positive look on life. He loved playing with his friends and family and most of all he loved music. He was always dedicated and hardworking especially when it came to things that caught his attention like sports and cars. He always had a thing for cars since he was a little boy. Joseph is intelligent, loving and a great person to be around for his loyalty knows no bounds. As he got older, he started working on his own family. He has 4 biological children and 2 stepchildren. Joseph is a great and supportive farther. While out, he would spend a lot of time with his family going to parks, baseball games, movies and other fun places the children would like to go to. He always worked so he would assist in supporting them financially as well. We are very family oriented and help support one another. I can assure you your honor that when Joseph gets released, we will assist him with getting a job and support him and his family in any way possible. I ask that you please take into consideration everything that I have said about my nephew, and I beg that you be as lenient as you can be on him. Please allow him another chance to reunite with his family soon and to be there for his children in their times of need since they are still young and need a father figure in their life.

Sincerely,

Jose Rodriguez